**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3543-L** |
| | § | |
| TERESA SINGLETON, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the United States' Motion for Default Judgment, filed December 7, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.     Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on November 3, 2015, against Teresa Singleton ("Defendant" or "Singleton"). This action arose in connection with an overpayment of Social Security benefits to Singleton.

On January 31, 2005, Singleton was notified by the Social Security Administration ("Agency") that her trial work period was over and that she needed to report all earned wages. Although Singleton was aware that she needed to report her earnings, she was overpaid due to substantial gainful activity from July 2005 through December 2005. Her engagement in substantial gainful activity is also the cause of her current overpayment. Singleton's earnings for the months in which she was engaging in substantial gainful activity, while also receiving Social Security benefits, are as follows: September 2007—$4,304.49; and October 2007—$3,488.39.

**Memorandum Opinion and Order – Page 1**

Singleton was deemed to have no longer been eligible for Social Security payments as of November 2007 because of her substantial work.

The original overpayment notice was mailed to Singleton on January 30, 2010. The letter indicated that from September 2007 through December 2009 Singleton was engaged in substantial gainful activity and was, therefore, not due any payments. Singleton was, in fact, paid benefits totaling $32,868.80 of which none has been repaid, leaving an unsatisfied indebtedness of $32,868.80.

Singleton filed for waiver of the overpayment on July 15, 2010, and the waiver was denied on May 18, 2011. At the personal conference on August 17, 2011, Singleton was found at fault in causing the overpayment, as she agreed that she engaged in substantial gainful activity. Singleton filed for Chapter 13 bankruptcy on June 29, 2011, but the case was dismissed on March 21, 2013. Singleton filed another waiver on April 6, 2012, but did not submit any new information indicating that she was not at fault. A *res judicata* notice dismissing the waiver was sent to the debtor on June 8, 2015.

Singleton was served with a copy of the Summons and Complaint on November 7, 2015. Defendant was required to answer or otherwise respond to the Complaint by November 30, 2015, 21 days after service of the Summons and Complaint. *See* Fed. R. Civ. P. 12. As November 28, 2015, was a Saturday, the deadline to answer or otherwise respond was November 30, 2015. See Fed. R. Civ. P. 6(a)(1)(C). To this date, Singleton has not answered or otherwise responded to the Complaint.

On December 7, 2015, the United States requested the clerk of court to enter a default against Singleton, and the clerk entered default against Singleton the same day. Plaintiff now

**Memorandum Opinion and Order – Page 2**

requests the court to enter a default judgment against Singleton and award it damages and applicable post judgment interest as a result of her default.*

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Singleton. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Singleton, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Singleton is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Singleton owes the United States is $32,868.80, along with its costs of suit, and interest at the lawful postjudgment interest rate.

## III.    Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant Teresa Singleton the

---

*Although the United States requested prejudgment interest in its Motion for Default Judgment, it did not do so in its Complaint and did not provide an amount or inform the court of the manner in which prejudgment interest should be calculated. Accordingly, the court will not allow any prejudgment interest on the amount of the judgment.

**Memorandum Opinion and Order – Page 3**

amount of **$32,868.80**, along with its costs of suit, and postjudgment interest at the legal rate. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 8th day of December, 2015.

_____
Sam A. Lindsay
United States District Judge